1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NO. 12cr0558 JM |
|---|---|

UNITED STATES OF AMERICA,

                        Plaintiff,

vs.

JOSE MEDINA-VILLAGRANA

                        Defendant.

CASE NO. 12cr0558 JM
CIVIL NO. 12cv2305 JM

ORDER DENYING MOTION
BROUGHT PURSUANT TO 28
U.S.C. 2255

Pursuant to a plea agreement, Defendant Jose Medina-Villagrana ("Defendant"), a non-United States citizen, pleaded guilty to a single count Information charging Defendant with importation of 343 kilograms of marijuana in violation of 21 U.S.C. §§ 952 and 960. On September 14, 2012 the court sentenced Defendant to 18 months' custody and two years of supervised release. On September 20, 2012 Defendant filed a motion for a reduction of the sentence under 28 U.S.C. § 2255 ("Motion"). Defendant contends that his constitutional rights to equal protection and due process have been violated because, as an alien, he is ineligible for a one-year sentence reduction through a drug program and an early release to a halfway house. For the reasons set forth below, the court summarily dismisses the Motion.

**DISCUSSION**

**28 U.S.C. § 2255 Review**

Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error, a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair procedure. 28 U.S.C. §

2255(a); <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court does not need to hold an evidentiary hearing or obtain a response from the government. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986).

**I. Waiver**

Defendant waived his right to collaterally attack his sentence. Contract law standards govern the validity of plea agreements. <u>United States v. Keller</u>, 902 F.2d 1391, 1393 (9th Cir. 1990). A defendant validly waives his appellate rights if the language of the waiver encompasses his right to appeal on the grounds raised and he knowingly and voluntarily agrees to waive those rights. <u>United States v. Rahman</u>, 642 F.3d 1257, 1259 (9th Cir. 2011). A waiver provision barring a defendant from seeking collateral relief under a § 2255 motion is valid and enforceable. <u>See United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993); <u>see United States v. Navarro-Botello</u>, 912 F.2d 318, 321-22 (9th Cir. 1990) (reasoning the public policy of finality supports upholding waivers in plea agreements). Defendant validly waived his right to collaterally attack his sentence when he signed a plea agreement filed on October 6, 2011, expressly waiving his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guidelines range recommended by the government. The waiver applies because at sentencing, the court imposed a sentence of 30 months, lower than the high end of the government's recommended guideline range of 46 to 57 months. The record reveals that Defendant's waiver was knowing and voluntary. Accordingly, the court dismisses the Motion.

**II. Procedural Bar**

Even if Defendant did not waive the right to collaterally attack his sentence, he has procedurally defaulted on his claim. A defendant procedurally defaults on claims that he could have, but did not raise on appeal. <u>See Bousley v. United States</u>, 523 U.S. 614, 621-22 (1998). Defendant did not raise these claims on direct appeal. He does not allege that he is innocent or that cause and prejudice existed to excuse his procedural default. <u>See Murray v. Carrier</u>, 477 U.S. 478, 485 (1996).

1    Accordingly, the court dismisses the Motion.

2    **II. The Merits**

3    Defendant's claim fails on the merits. An Equal Protection claim arises when a statute, on its

4    face or when enforced, results in the differential treatment of similarly situated persons due to

5    discriminatory government intent. <u>United States v. Lopez-Flores</u>, 63 F.3d 1468, 1472 (9th Cir. 1995);

6    <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982). The court must analyze the distinction under the appropriate

7    level of scrutiny. <u>Village of Arlington Heights v. Metropolitan Housing Dev. Corp.</u>, 429 U.S. 252, 265

8    (1977). Unless a suspect classification is present, the unequal treatment must only be rationally related

9    to a legitimate state interest. <u>Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 440 (1985). "The fact

10   that an Act of Congress treats aliens differently from citizens does not itself imply that such treatment

11   is invidious." <u>Matthews v. Diaz</u>, 426 U.S. 67, 80 (1976). Federal classifications based on alienage

12   receive rational basis review because Congressional power to serve national interests in immigration

13   and foreign relations justify selective legislation not permitted to the states. <u>Id.</u> at 81; <u>see</u> <u>Graham v.</u>

14   <u>Department of Pub. Welfare</u>, 403 U.S. 365, 377 (1971).

15   The exclusion of non-citizen inmates from participating in an early-release drug program

16   survives rational basis scrutiny. <u>See</u> <u>McLean v. Crabtree</u> 173 F.3d 1176, 1186 (9th Cir. 1999). The

17   Ninth Circuit held that the Bureau of Prisons ("BOP") did not violate the equal protection rights of

18   non-citizen plaintiffs with Immigration and Naturalization Service detainers by denying them a

19   sentence reduction. The court reasoned that the government distinction between prisoners with

20   detainers and prisoners without detainers did not create a suspect classification. <u>Id.</u> at 1186. Excluding

21   prisoners with detainers from community-based treatment programs and sentence reduction eligibility

22   rationally served the government's legitimate interest in eliminating the risk of a prisoner's escape

23   during the community-based treatment phase. <u>Id.</u> The government did not violate Defendant's equal

24   protection rights by denying him the opportunity to participate in an early-release drug program based

25   on his non-citizen status because of a legitimate interest in eliminating a risk of flight.

26   In the context of early-release drug program eligibility benefits, deportable aliens are not

27   similarly situated to United States citizens because citizen inmates must re-enter domestic society

28   while deportable inmates are denied that privilege. <u>Patterson-Romo v. United States</u>, No. 10-CR-3119,

1   2012 U.S. Dist. LEXIS 79319, at *3 (denying petitioner's motion for a reduction of the sentence);

2   United States v. Avendano, No. 12-CV-1495, 2012 U.S. Dist. LEXIS 89959, at *6 (denying an

3   identical petition); Ortiz-Castillo v. United States, No. 11-CR-2511, 2012 U.S. Dist. LEXIS 39423,

4   at *5 (denying an identical petition); Rios-Ibarra v. United States, No. 09-CV-205-JD, 2012 U.S. Dist.

5   LEXIS 10977, at *5 (denying an identical petition); United States v. Brionez-Villela, No. 8:12CR73,

6   2008 U.S. Dist. LEXIS 85164, at *5 (denying a similar petition). Defendant is not similarly situated

7   to citizen prisoners who are eligible for early-release drug program benefits because he will not re-

8   enter domestic society in the United States following incarceration.

9       A challenge to the BOP policy of excluding non-citizens from a sentence reduction option does

10  not fall within the scope of a 28 U.S.C. § 2255 motion. United States v. Armando Rodriguez-

11  Palomares, No. 05-CR-1965-JM 2008 U.S. Dist. LEXIS 85572, at *6 (denying a motion for a

12  reduction of the sentence because a downward departure based on deportable alien status is

13  unavailable under § 2255). The determination of a prisoner's eligibility for participation in an early-

14  release drug program rests entirely within BOP discretion and a prisoner has no constitutionally

15  protected liberty interest in early release. See 18 U.S.C. § 3621(e)(2)(B); Lopez v. Davis, 531 U.S.

16  230, 243 (2001); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1966). Defendant does not have a

17  protected liberty interest in early release. He may not challenge the terms of an early-release drug

18  program eligibility policy under a 28 U.S.C. § 2255 motion.

19      In sum, the court denies the Motion to reduce Defendant's sentence.  The Clerk of Court is

20  instructed to close the file.

21      **IT IS SO ORDERED.**

22

23  DATED:  September 25, 2012

24

25                                          Hon. Jeffrey T. Miller
26                                          United States District Judge

27  cc:          All parties

28

- 4 -                                              12cr558/12cv2305